Magloughlin v. Clark.

JOHN MAGLOUGHLIN ET AL.
v.
ALBERT B. CLARK.

*Trust Deeds—Foreclosure—Attorney's Fee—Interest Notes—Purchase of by Holder of Junior Incumbrance—Evidence—Mortgages.*

1. This court holds that the evidence introduced in the case presented warranted the allowance of the sum provided for in a trust deed as attorney's fee in case of foreclosure.

2. Where a debt is secured by a mortgage, the assignment of part of the debt carries the benefit and control of the security, upon such terms as the relations between the assignee and the holder of the residue of the debt may require.

3. The purchase by the trustee in, or by the holder of the indebtedness, of a prior incumbrance, of any part of the indebtedness of a junior incumbrance, must, as between the two, be held to be so much in the nature of a partial redemption, as to leave to the holder of the residue priority of right to the satisfaction of that residue, before applying any proceeds of the property to the satisfaction of that part of the debt so sold.

4. This court will not go outside the record in a given case, and refer to its record or memory of former litigation to the prejudice of parties to such case.

[Opinion filed January 22, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. WILSON & ZOOK, for appellants.

Mr. C. C. MARCH, for appellee.

GARY, P. J.    This is a bill filed to foreclose a deed of trust in the nature of a mortgage.   Two questions arise upon this record.

The first is as to the sufficiency of the evidence to warrant the allowance of $100 as an attorney's fee provided for in the deed in case of foreclosure.

That evidence was as follows, the witness being an attorney:

"Do you know what reasonable solicitor's fees are in foreclosure suits of this kind?"

"I know what is customary and what is reasonable."

"What is the usual customary fee?"

"The usual customary fee—it is usually provided for in the trust deed.   There is usually allowed not less than $100."

The only question by the appellant was:

"Are you the attorney of record in this case?"

And the answer was, "I am not."

It is apparent that the appellants' counsel did not deem the amount unreasonable, and impliedly assented to it.   Even without such implication the testimony is enough to warrant the fee of but little over five per cent of the amount involved in a litigated foreclosure suit.

The other question arises in this way:

The appellee is the assignee of the principal and later interest notes secured by the trust deed in this case.   Some eighteen months before he became such assignee, he then being the holder of the indebtedness secured by a junior trust deed, made by the same appellant upon the same premises, either he, or the trustee in that junior incumbrance, bought from the then holder of the subject of the present suit some overdue interest notes remaining unpaid, and some certificates of redemption of the premises by that holder from tax sales.   It is not denied that in the hands of that holder those interest notes and certificates were secured upon the premises by the deed in suit; but it is contended that by such purchase they were taken out of the operation of that deed, and the security lost.

It is familiar law in this State that the debt is the principal, and the mortgage the incident, where a debt is secured by mortgage; that the assignment of part of the debt carries the benefit and control of the security upon such terms as the relations between the assignee and the holder of the residue of the debt may require.   Humphreys v. Morton, 100 Ill. 592, and cases there cited by counsel as well as court.

Now, the purchase by the trustee in, or by the holder of the indebtedness of a prior incumbrance, of any part of the indebtedness of a junior incumbrance, must, as between the two incumbrances, be held to be so much in the nature of a partial redemption, as to leave to the holder of the residue, priority of right to the satisfaction of that residue, before applying any proceeds of the property to the satisfaction of that part of the debt so sold.   There is nothing in the nature of the transaction or the relative equities of the parties requiring any further modification of the general rule.

By the express provisions of this deed of trust the money paid to redeem from tax sales with interest at eight per cent became "so much additional indebtedness secured by the deed."

In equity any indebtedness is assignable. Bispham's Eq., Sec. 164. The little uncertainty, of which the appellants have endeavored to make much, as to what the appellee may have represented as to whether he or the trustee paid for the part of the debt bought, is too unimportant for consideration. Perhaps it may be disputed whether any part of that debt was bought; whether the transaction was not rather a payment of so much of the debt. If that is the right view the result is the same. A junior incumbrancer paying a prior one is subrogated to the rights of the latter. 2 Jones on Mort., Sec. 1080.

The appellants seem to assume that the court, on this appeal, will go outside of the record of this case, and refer to its record or memory of former litigation to the prejudice of the appellee. This appeal is to be decided by this record by the evidence admitted, and by considering whether evidence rejected would, if admitted, have changed the aspect of the material facts.

There is no error in the record, and the decree is affirmed.

*Decree affirmed.*